UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WOODROW FLEMMING,

                Plaintiff,

      -against-                                  9:13-cv-758 (LEK/ATB)

MATTHEW J. KELSH, *et al.*,

                Defendants.

## DECISION and ORDER

### I. INTRODUCTION

This matter comes before the Court following a Report-Recommendation filed on April 5, 2016, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 45 ("Report-Recommendation"). *Pro se* Plaintiff Woodrow Flemming ("Plaintiff") timely filed Objections. Dkt. No. 47 ("Objections"). Defendants timely filed a Response to Plaintiff's Objections. Dkt. No. 48 ("Defendants' Response").

### II. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's

objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).

## III. DISCUSSION

Plaintiff makes numerous objections to Judge Baxter's findings, four of which may be considered specific objections. Dkt. No. 47 ("Objections").[1] First, Plaintiff objects to Judge Baxter's finding that there is no issue of material fact as to Defendants' use of excessive force and that the claim should be denied as a matter of law. See Objs. Attached to his Objections, Plaintiff submits a video of his extraction from his cell and his subsequent medical examination. Dkt. No. 47-4 ("Video Footage"). Defendants submitted a Response to Plaintiff's Objections, arguing that the new documentary evidence submitted by Plaintiff "should be rejected by the Court since they were not previously submitted to the Court." Defs.' Resp. at 1. "While the Court is not inclined to consider evidentiary material that was not adequately presented to a magistrate judge in the first instance, the Court will not turn a blind eye to such evidentiary material." Cusamano v. Sobek, 604 F. Supp. 2d 416 (N.D.N.Y. 2009). Given the evidentiary value of video recordings of the events in question, the Court has reviewed and considered the Video Footage.

Plaintiff argues that the Video Footage proves that Defendants used excessive force in

---

[1] The cited page numbers for Plaintiff's Objections refer to those generated by the Court's electronic filing system ("ECF").

violation of the Eighth Amendment. Objs. at 4. However, the Video Footage showed only the activity in the hallway outside of Plaintiff's cell and did not capture the extraction itself or the alleged excessive use of force. See Video Footage. Moreover, the account of the facts presented by Defendants in their Motion for summary judgment is essentially consistent with the Video Footage. See Dkt. No. 36 ("Motion for Summary Judgment"); Video Footage. Therefore, the Court finds that the Video Footage would not change the outcome of the Report-Recommendation.

Plaintiff's second objection is that Defendants failed to submit all video recordings of the incident on July 16, 2010. Objs. at 6. The Video Footage submitted by Plaintiff clearly shows a corrections officer ("CO") standing near the doorway of Plaintiff's cell and recording the extraction itself with a handheld video camera. See Video Footage. In a memorandum submitted along with Defendants' Motion for summary judgment, Defendant Sgt. LaRose states that "the entire incident [was] video taped by CO B Gary." Dkt. No. 36-2 ("LaRose Declaration and Exhibits") at 48.[2] However, Defendants did not produce that video recording and have provided no explanation for their failure to do so.

A party's failure to preserve property for another's use as evidence can lead to sanctions, including an adverse inference as to the contents of the missing evidence. See Essenter v. Cumberland Farms, Inc., No. 09-CV-0539, 2011 WL 124505, at *3 (N.D.N.Y. Jan. 14, 2011). Here, Plaintiff has not moved for sanctions based on spoliation of the evidence—he has not even specified which video evidence he seeks or shown that Defendants failed to preserve it. Nonetheless, the Court finds that sanctions, including an adverse inference, would be inappropriate

---

[2] The cited page numbers for the LaRose Declaration and Exhibits refer to those generated by ECF.

in this case. A party seeking sanctions based on spoliation of the evidence "must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim . . . ." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 109 (2d Cir. 2002) (quoting Byrnie v. Town of Cromwell, 243 F.3d 93, 107-12 (2d Cir. 2001). Here, it is not clear that Defendants had a duty to preserve the video tape, as Plaintiff filed his Complaint nearly three years after the alleged excessive use of force took place. Additionally, there is no evidence that the failure to produce the video tape indicates a culpable state of mind.

Plaintiff's third objection is that Defendants misrepresented Plaintiff's deposition testimony by submitting only the portions of Plaintiff's deposition that "they wanted the Court to read and see." Objs. at 5. However, a party is entitled to select relevant portions of a deposition to support their case. Plaintiff attached the entirety of his deposition to his Objections, but he does not point to any portion of the transcript that was misrepresented. See Objs. Furthermore, Defendants provided Plaintiff with a copy his deposition in October 2015, leaving him ample time to review the transcript before submitting his Response to Defendants' Motion for summary judgment. Defs. Resp. at 1.

Plaintiff's fourth objection is that the Report-Recommendation did not address Plaintiff's request for appointment of counsel. Objs. at 6. Plaintiff previously submitted a Motion for appointment of counsel that was denied without prejudice by Judge Baxter on August 13, 2015. Dkt. Nos. 32 ("Motion for Counsel"); 33 ("August Order"). In the August Order, Judge Baxter explained that in order to successfully move for appointment of counsel, Plaintiff must "file a proper IFP application" and "demonstrate that he is unable to obtain counsel through the private sector or

public interest firms." Aug. Order, at 2. While Plaintiff's Response to Defendants' Motion for summary judgment stated that he "is entitle[d] to counsel," Plaintiff took none of the necessary steps to successfully move for appointment of counsel. Pl. Resp. at 11.

The remainder of Plaintiff's objections are either general, conclusory, or reiterations of arguments made in the Complaint or in Plaintiff's Opposition. Therefore, the Court has reviewed the remainder of the Report-Recommendation for clear error and has found none.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 45) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 36) for summary judgment is **GRANTED** and the Complaint (Dkt. No. 1) is **DISMISSED in its entirety**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   May 12, 2016
         Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge